IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAIRI WAYNE WEBSTER                                                                                    PLAINTIFF

v.                               Civil No. 4:16-cv-04100

SHERIFF RON STOVALL, Miller County
Detention Center; WARDEN BRAZELL;
SOUTHERN HEALTH PARTNERS;
LIEUTENANT ADAMS; NURSE HARRIS;
And SERGEANT McCLURE                                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kairi Wayne Webster filed this 42 U.S.C. § 1983 case *pro se* on October 27, 2016. (ECF No. 1). Currently before the Court is Plaintiff's Motion to File an Appeal Out of Time. (ECF No. 20). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this Motion to the undersigned for a Report and Recommendation. (ECF No. 21).

### BACKGROUND

Plaintiff filed this lawsuit on October 27, 2016. (ECF No. 1). Plaintiff alleged his constitutional rights were violated as a practicing Muslim at the Miller County Correctional Facility when he was "receiving/getting pork foods and getting denyed Ramandan fast which is a part of my religion beliefs". (ECF No. 1). Plaintiff also alleged he "was not getting medication to me in time/early in order for me to do Ramandan". *Id*. Plaintiff sued the defendants Sheriff Ron Stovall, Warden Brazell, Lieutenant Adams, Southern Health Partners, Nurse Harris and Sergeant McClure in their official capacity only.

In his Complaint, Plaintiff referred to grievances he had previously filed relating to his allegations but did not attach them to his Complaint. He stated "copies should be on file." Under

1

Section VI - Statement of Claim, Plaintiff stated "please see claims from first time filing of this case". (ECF No. 1). Then in Section VII – Relief, Plaintiff wrote "please see statement from first time filing case". *Id*. Plaintiff previously filed another lawsuit in 2014 dealing with the same facts involved in this action against the same named defendants in the Western District of Arkansas, Texarkana Division. *See* Civil Case 4:14-cv-04125, (ECF No. 1). Plaintiff's 2014 case was dismissed with prejudice on March 8, 2016. *See* Civil Case 4:14-cv-04125, (ECF No. 24).[1]

On November 21, 2016, I issued a Report and Recommendation recommending this matter be dismissed prior to service because the current lawsuit was barred by the doctrine of *res judicata*. (ECF No. 6). Plaintiff filed objections to the Report and Recommendation on December 12, 2016. (ECF No. 11). On February 8, 2017, Judge Hickey adopted the Report and Recommendation *in toto*. (ECF No. 15). Plaintiff's claims were dismissed with prejudice and the dismissal was counted as a strike for purposes of 28 U.S.C. § 1915(g). *Id*. That same day, the Clerk sent Plaintiff a copy of the order of dismissal along with a letter outlining the procedures for appealing the Court's decision. *See* Docket Annotation of Mailing entered February 8, 2017. The letter informed Plaintiff he was required to file a notice of appeal and either pay the $505.00 filing and docketing fees or apply to appeal *in forma paueris* ("IFP").

On February 27, 2017, Plaintiff timely filed a Motion for Leave to Appeal IFP. (ECF No. 16). I granted the motion on March 2, 2017 and directed the Clerk to begin collecting the filing fee from Plaintiff's prison account. (ECF No. 17). However, Plaintiff never filed a notice of appeal. On August 14, 2018, eighteen months after this case was dismissed, Plaintiff filed the instant motion to appeal out of time. He states "I…have very little under standing on filing motion

---

[1] I entered a Report and Recommendation (ECF No. 21) in Civil Case No. 14-cv-04125 recommending Defendants' Motions to Dismiss (ECF Nos. 11, 13) be granted based on failure to state claims upon which relief could be granted. The District Court adopted the Report and Recommendation *in toto* and dismissed the case with prejudice on March 8, 2016. (ECF No. 24). Plaintiff did not appeal that dismissal.

2

on time as well as on how to file my motion for this case please Reopen my case because my Rights were Violated". (ECF No. 20).

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal in a civil case must be filed within 30 days of the entry of judgment. "The requirement of a timely notice of appeal is mandatory and jurisdictional." *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006). A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A)(ii). An untimely notice of appeal cannot serve as a motion for extension of time to file an appeal. *Burgs v. Johnson County*, 79 F.3d 701, 702 (8th Cir. 1996); *Dancer v. Haltom*, No. 4:10-CV-4118, 2011 WL 2143029, at *1 (W.D. Ark. May 2, 2011).

Here, the Court entered a final order dismissing this case on February 8, 2017. Plaintiff was giving instructions for perfecting his appeal by the Clerk on the day the Order was entered dismissing this case. Plaintiff's request to appeal IFP was granted. However, Plaintiff never filed a notice of appeal and instead filed a Motion for Leave to Appeal Out of Time more than 18 months after his case was dismissed. Therefore, Plaintiff's appeal is untimely.

Federal Rule of Appellate Procedure 4(a)(6)(A) allows a district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal

Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Plaintiff has not alleged that he did not receive notice from the Court that his case had been dismissed. Instead, the docket sheet reveals the Clerk mailed Plaintiff a copy of the order of dismissal, an application to appeal IFP, and a letter outlining the procedures for appeal on February 8, 2017. The correspondence was sent to Plaintiff's address of record and was not returned as undeliverable. Plaintiff filed his application to proceed IFP on appeal on February 27, 2017, but never filed a notice of appeal. Eighteen months after his case was dismissed Plaintiff filed his Motion for Leave to File Appeal Out of Time. This is well beyond the 180 day deadline set forth in Federal Rule of Appellate Procedure 4(a)(6)(A). Accordingly, I recommend Plaintiff's motion be denied.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Leave to Appeal Out of Time (ECF No. 20) be **DENIED**. I also recommend that the Court direct the Clerk to refund to Plaintiff all funds that have been withdrawn from Plaintiff's prison account for the collection of the filing fee of an appeal in this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 28th day of August 2018.**

`        /s/ Barry A. Bryant  
                 HON. BARRY A. BRYANT  
                 UNITED STATES MAGISTRATE JUDGE